CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 8 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOEY A. DALTON, | ) |
|     Plaintiff, | ) Civil Action No. 7:06CV00357 |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) By:   Honorable Glen E. Conrad <br> )        United States District Judge |
|     Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Joey A. Dalton, was born on May 5, 1975, and eventually completed the eleventh grade in school. Mr. Dalton has worked as a construction laborer and fixer in a knitting mill. He last worked on a regular and sustained basis in 1999. On September 13, 2002, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Mr. Dalton alleged that he became disabled for all forms of substantial gainful employment in February 2001, due to cracked bones

in the lower back, two bad discs, and degenerative disc disease. Plaintiff now maintains that he has remained disabled to the present time. While the record reveals that plaintiff no longer enjoys insured status for purposes of the disability insurance benefit program, he was fully insured at all relevant times prior to the final decision of the Commissioner. See, gen., 42 U.S.C. § 423(c).

Mr. Dalton's claims were denied upon initial consideration and reconsideration. He then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated June 21, 2004, the Law Judge also ruled that Mr. Dalton is not disabled. While the Law Judge did not make explicit findings as to the nature or diagnoses for plaintiff's impairments, the Law Judge's summary of the evidence suggests a finding of a severe impairment on the basis of back problems. Because of his physical difficulties, the Law Judge ruled that Mr. Dalton is disabled for his past relevant work roles. However, the Law Judge held that plaintiff retains sufficient functional capacity for light exertional activity. Given a residual functional capacity for light exertion, and after considering Mr. Dalton's age, education, and past work experience, as well as testimony of a vocational expert, the Law Judge determined that Mr. Dalton remains capable of performing several specific light work roles which exist in substantial number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See, gen., 20 C.F.R. § 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Dalton has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in

2

making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record revels that Mr. Dalton suffers from back problems and an esophageal condition. While plaintiff has undergone surgery for correction of esophageal deficiency, the record before the Commissioner does not indicate that these difficulties, or the surgical residuals, resulted in any permanently disabling, work-related limitations. Mr. Dalton's back problems, however, are permanent and severe. It seems that plaintiff injured his back while working in 1999. While he has continued to experience back pain since that time, no doctor has detected the presence of any severe and disabling musculoskeletal condition. Mr. Dalton carries a diagnosis of degenerative disc disease, and several specialists have suggested the interplay of mechanical misalignment in the back. However, despite rigorous studies, no doctor has detected the presence of nerve root impingement, motor deficits, or radicular signs. For the most part, objective, clinical testing has been negative. The court believes that the record fully supports the Law Judge's determination that Mr. Dalton's back condition is not so severe as to prevent performance of lighter levels of exertion. The court believes that the Law Judge properly relied on the testimony of a vocational expert in determining that, given his age, education, prior work experience, and residual functional capacity for light exertion, Mr. Dalton could perform certain specific light work roles existing in the national economy. It follows

that the Commissioner's final decision denying entitlement to disability insurance benefits and supplemental security income benefits is supported by substantial evidence.

On appeal to this court, Mr. Dalton has submitted new medical evidence. The new evidence includes reports covering continuing treatment of plaintiff's back discomfort. More importantly, it now seems that Mr. Dalton has required more invasive treatment for his esophageal problems. Plaintiff seeks remand of his case to the Commissioner for consideration of the new medical evidence.

In <u>Borders v. Heckler</u>, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." <u>Mitchell v. Schweiker</u>, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. <u>King v. Califano</u>, 599 F.2d, 597, 599 (4th Cir. 1979); <u>Sims v. Harris</u>, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. <u>King</u>, 599 F.2d at 599.

777 F.2d at 955.

After reviewing the new evidence submitted by plaintiff, the court must conclude that there is no "good cause" for remand of plaintiff's case to the Commissioner for additional consideration. As to plaintiff's back problem, the new evidence is merely cumulative. There is no indication of any mechanical defect which could be expected to produce permanent and totally disabling back discomfort. On the other hand, it is now clear that Mr. Dalton has a history of significant esophageal problems. It appears that plaintiff has required surgery to shorten his esophagus in an effort to reduce a "clogging" problem. However, the new reports do not suggest that plaintiff's esophageal problems have been of

4

such duration and intractability as to render him totally disabled for all forms of work. Perhaps more importantly, the new reports do not relate to medical problems suffered by Mr. Dalton during the period of time adjudicated by the Commissioner. For these reasons, plaintiff's motion for remand must be denied. Mr. Dalton's recourse in such circumstances is to file a new application for supplemental security income benefits, and to submit all of the evidence which has been developed so that a new claim can be fairly considered.

In affirming the final decision of the Commissioner, the court does not suggest that Mr. Dalton is free of all pain, discomfort, and physical restriction. Indeed, regardless of the diagnosis, the medical record confirms that plaintiff has suffered from a very serious back condition which can be expected to cause subjective symptomatology. However, it must again be noted that the doctors who have treated plaintiff's back complaints have been unable to identify any objective cause for severe and disabling pain. As noted above, there is no evidence of nerve impingement or motor deficits. No doctor has suggested that Mr. Dalton is totally disabled. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed, the court believes that the Law Judge gave Mr. Dalton the benefit of the doubt in finding that he requires a sit/stand option in performing light work activities. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by

substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 18th day of January, 2007.

                                          */s/ Glen Conrad*
                                          United States District Judge